IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANTELL NEWMAN | § | |
| | § | No. 271, 2019 |
| Defendant Below, | § | |
| Appellant | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. Id No:    N1408018813 |
| STATE OF DELAWARE | § |                 N1410004197 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 19, 2019
Decided:    March 3, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

In this case, Shantell Newman, who was convicted of—among other things—falsely reporting an incident, argues that the Superior Court erred by failing to give the jury a *Lolly-Deberry* instruction. Newman's request for the instruction was prompted by the State's inability to produce an audio recording of an incriminating statement she made to the chief investigating officer.

Although it does not appear as though Newman proffered a proposed instruction to the Superior Court, she now discloses that, "[h]ad it been given, the appropriate instruction would have stated . . . [that] [t]he failure of the State to  [ ] preserve [the audio recording] entitle[d] the defendant to an inference that [,] if such evidence were available at trial[,] it would be exculpatory . . ., would not have

incriminated the defendant and would have tended to prove the defendant not guilty."[1]

When it rejected Newman's request for the instruction, the Superior Court appropriately pointed to the reliability of the secondary evidence of what Newman told the officer. This included the police report the officer wrote at the end of the shift during which Newman admitted the subject offense and the arrest warrant application he drafted and affirmed under oath the following day. We note that, during his trial testimony, the officer was permitted to refer to these documents, which included direct quotations from the recording. This secondary evidence supported the trial court's finding that the audio recording, had it been available, would have been "inculpatory and not exculpatory."[2] For her part, Newman did not provide any evidence to contradict the officer's testimony that she had confessed to him and had in fact made a false report. Under the circumstances, the Superior Court did not err in refusing to give a *Lolly-Deberry* instruction.

We therefore AFFIRM the Superior Court on the basis of its ruling in the record.[3]

---

[1] Opening Br. at 15.
[2] Appendix to Opening Br. at A69.
[3] *Id.* at A68-70.

2

IT IS SO ORDERED.

BY THE COURT:


/s/*Gary F. Traynor*
Justice